SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 04 2025
ARTHUR JOHNSTON
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 3:25cr41 HTW-ASH

GUY GERRAL GEORGES

18 U.S.C. § 1349
18 U.S.C. § 1029(a)(4)
18 U.S.C. § 1028A(a)(1)

**The Grand Jury charges:**

At all times relevant to this Indictment:

1. The term "access device" means any card, code, account number, electronic serial number, personal identification number ("PIN"), or other means of account access that can be used, along or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

2. A PIN is also a means of identification.

3. The term "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged or an identifiable component or an access device or a counterfeit access device.

4. The term "device-making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

5. Trustmark Bank is located in Rankin County, Mississippi, with additional branches located inside the state of Mississippi and well as other branches located in Alabama, Florida, Tennessee, and Texas. Trustmark Bank, which is insured by the Federal Deposit Insurance Corporation (FDIC), is a financial institution as defined in Title 18, United States Code, Section 20.

## COUNT 1

6. Paragraphs 1 through 5 are hereby re-alleged as if set forth in full herein.

7. Beginning on or about January 23, 2024, and continuing through on or about January 25, 2024, in Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **GUY GERRAL GEORGES** and Unindicted Co-conspirator A, did knowingly combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to commit Bank Fraud in violation of Title 18, United States Code, Section 1344.

### Purpose of the Conspiracy

8. The defendant, **GUY GERRAL GEORGES** and Unindicted Co-conspirator A (collectively "the conspirators"), with intent to defraud, knowingly devised a scheme and artifice to steal money and property from the accounts of customers of one or more financial institutions without the customers' permission.

### Manner and Means

9. It was part of the scheme and artifice to defraud that the conspirators used device making equipment to encode the customers' account information onto a magnetic stripe card or cards, without the knowledge or consent of the customers, thereby creating a counterfeit access device or devices.

10. It was further part of the scheme and artifice to defraud that the conspirators obtained the customers' PINs by means of fraudulent phone calls wherein Unindicted Co-conspirator A falsely represented that Unindicted Co-conspirator A was an employee of a financial institution. Unindicted Co-conspirator A thereafter transmitted the customers' PINs to **GUY GERRAL GEORGES**.

11. It was further part of the scheme and artifice to defraud that **GUY GERRAL GEORGES** used a counterfeit access device or devices in combination with the stolen PINs to access the customers' bank accounts, submit balance inquiries, and withdraw, and attempt to withdraw, money without the customers' permission.

12. It was further part of the scheme and artifice to defraud that **GUY GERRAL GEORGES**, by means of materially false and fraudulent pretenses, representations, and promises, to wit: **GUY GERRAL GEORGES** falsely and fraudulently represented that he had authority to access the Trustmark Bank accounts of the customers identified by initials as C.C., M.L., R.M., B.W., T.H., L.A.M., L.L.M., P.G., and A.R.

13. **GUY GERRAL GEORGES** and Unindicted Co-conspirator A conspired to fraudulently obtain funds under the custody or control of Trustmark Bank.

All in violation of Title 18, United States Code, Section 1349.

COUNTS 2 – 10

1. Paragraphs 1 through 5 are hereby re-alleged as if set forth in full herein.

2. That on or about January 25, 2024, in Rankin County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **GUY GERRAL GEORGES**, aided and abetted by Unindicted Co-conspirator A, and others known and unknown to the Grand Jury, did knowingly use, without lawful authority, the means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Section 1349 as charged in Count 1 above, to wit:

| Count | Means of Identification Used |
|---|---|
| 2 | PIN belonging to customer C.C. |
| 3 | PIN belonging to customer M.L. |

| Count | Means of Identification Used |
|---|---|
| 4 | PIN belonging to customer R.M. |
| 5 | PIN belonging to customer B.W. |
| 6 | PIN belonging to customer T.H. |
| 7 | PIN belonging to customer L.A.M. |
| 8 | PIN belonging to customer L.L.M. |
| 9 | PIN belonging to customer P.G. |
| 10 | PIN belonging to customer A.R. |

All in violation Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT 11

3. Paragraphs 1 through 5 are hereby re-alleged as if set forth in full herein.

4. That on or about January 25, 2024, in Rankin County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **GUY GERRAL GEORGES**, knowingly and with intent to defraud, possessed or had control or custody over device making equipment, said control and custody affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(4) and (c)(1)(A)(ii).

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed

beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1029(c)(1)(C); and Title 28, United States Code, Section 2461.

PATRICK A. LEMON
Acting United States Attorney

A TRUE BILL:
S/ SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this, the 4 day of March 2025.

UNITED STATES MAGISTRATE JUDGE